UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Leslie Cassandra Horn,                                    Case No. 15-52209-PJS
                                                          Chapter 13
                        Debtor.                           Hon. Phillip J. Shefferly

_____ /

**ORDER OVERRULING CHAPTER 13 TRUSTEE'S OBJECTIONS AND
AWARDING PRE-CONFIRMATION FEES AND EXPENSES**

This matter is before the Court on the Chapter 13 Trustee's objections to a fee application.

On March 15, 2016, the Court held a hearing on the application for pre-confirmation attorney fees

filed by Janet M. Ziulkowski ("Law Firm").  For the following reasons, the Court overrules the

Trustee's objections and grants the application.

The Debtor filed this Chapter 13 case on August 17, 2015.  A review of the Debtor's

schedules and statement of financial affairs shows this to be an atypical Chapter 13 case.  The

Debtor does not own any real property or have any secured debt.  Her debts consist of relatively

small amounts of priority tax debts and unsecured debts of almost $200,000.00, the latter in large

part for business loans.  The Debtor also disclosed interests in several corporations and limited

liability companies.  On September 21, 2015, the Debtor filed a Chapter 13 plan.  The plan calls for

monthly payments of $632.00 for 60 months, and estimates a dividend to unsecured creditors of

approximately 10%.  On December 24, 2015, the Court confirmed the Debtor's plan at the first

adjourned confirmation hearing, with no objections to confirmation having been filed.  The file also

reflects that the Debtor objected to the proof of claim of the Internal Revenue Service, a matter that

was eventually resolved with an amended proof of claim.  In addition, a creditor has filed an

adversary proceeding against the Debtor, objecting to the dischargeability of certain debts. That proceeding remains pending.

Following confirmation, the Law Firm filed an application ("Application") for pre-confirmation fees in the amount of $7,736.50, plus expenses of $617.32. The Application covers the time period of June 18, 2015 through December 29, 2015. The Debtor filed an affidavit in support of the Application. The Application has very detailed and comprehensive explanations, by category, of why the fees exceed the $3,500.00 presumptively reasonable fee set by L.B.R. 2016-1(c) (E.D. Mich.) for pre-confirmation services in a Chapter 13 case. The Trustee filed objections on February 12, 2016. On March 9, 2016, the Law Firm filed a response. On March 15, 2016, the Court held a hearing. At the hearing, the Court made an interim fee award of $3,500.00 and took the balance of the application under advisement. This order is entered to address the balance of the fees and the Trustee's objections.

The Trustee raises three objections to the Law Firm's fees and a fourth objection to the expenses. The Court will address each in turn.

First, the Trustee objects to the excessiveness of the fees sought by the Application. In the Trustee's view, the Debtor's Chapter 13 case presents no novel or unusual issues of law or fact, and proceeded apace with the § 341 first meeting of creditors concluded at the first scheduled date, and with no objections to confirmation. The Chapter 13 plan provides for no secured debts and, other than administrative expenses and a small dividend to unsecured creditors, provides for payment of $6,425.00 in priority tax claims. The Trustee distinguishes between the Law Firm's services performed in getting the Debtor's financial affairs in order as opposed to those services performed in preparation for filing a bankruptcy case. Relying on that distinction, the Trustee questions

-2-

whether a large portion of the fees was necessary for administration of the bankruptcy case or instead needed for an out-of-court workout. In light of these facts and with no objections to confirmation, the Trustee concludes that the fees are unreasonable and excessive.

The Law Firm responds that the swift and uncontested road to confirmation in this case masks the underlying complexity of the Debtor's financial affairs, and in fact the quick confirmation was made possible by the extensive amount of work done to prepare the case for filing and the plan for confirmation. The Law Firm explains that the Debtor has numerous business interests, with complex business structures and transactions, and that she kept disorganized and inadequate records. The Law Firm needed to collect and review extensive documents to separate the Debtor's individual interests from her business interests, address ongoing litigation in Wayne County and in California, and ensure that the Debtor filed five years of missing income tax returns. This explanation is corroborated by the Debtor's affidavit, schedules and statement of financial affairs. According to the Law Firm, despite her many business ventures, the Debtor is relatively unsophisticated and often confused. This required numerous communications and meetings. In addition, the Law Firm explains the difficulties in resolving the IRS proof of claim. The Law Firm concludes that its fees are reasonable and necessary, and the Debtor benefitted from its services.

The Court agrees with the Law Firm. As noted, the Application contains a thorough and detailed explanation of the services provided. Although this case may not have presented novel or unusual issues of law or fact, the task of unraveling the Debtor's financial condition is an appropriate legal service to provide in contemplation of and during a Chapter 13 case. These services also benefit the Debtor, her creditors and the estate by bringing order to an otherwise tangled and opaque financial situation. The Law Firm in fact was required to perform this legwork

-3-

in order to properly advise the Debtor, whether its recommendation was an out-of-court workout or a bankruptcy. In addition, the Law Firm exercised billing judgment in not billing over six hours for meetings and communications with the Debtor. The Court concludes that the Trustee's first objection should be overruled.

Second, the Trustee views the primary purpose of the Debtor's Chapter 13 plan as paying the state and federal priority tax claims. These claims total $5,751.10. The Trustee argues that the Debtor could simply have paid these claims directly, saving over $2,000.00 in legal fees. The Law Firm disagrees, arguing that payment of the tax debt was only one consideration in recommending that the Debtor file Chapter 13. The Debtor also needed to reorganize extensive unsecured debt and obtain relief from ongoing litigation both here in Michigan and in California.

The relationship between the fees incurred and the amount of claims to be paid is a valid point of comparison. But the Trustee's argument ignores the fact that the Debtor was not in a position to simply pay these claims. She had not filed income tax returns for five years. She had no idea what her income tax liability was. The Law Firm described the Debtor's business interests and transactions, and the state of her recordkeeping. There is nothing contrary in the record, and indeed the Debtor's schedules and statement of financial affairs support the Law Firm's description and conclusion that legal services were needed to untangle the Debtor's financial affairs. The Court concludes that the Trustee's second objection should be overruled.

Third, the Trustee argues that the Law Firm has not demonstrated a benefit from the $347.50 in fees for services rendered in the § 523 adversary proceeding. The Law Firm agrees that this request is premature and therefore stipulated in its response to defer the pre-confirmation adversary proceeding fees until that proceeding is finalized, at which time it will file a separate fee application.

-4-

Fourth, the Trustee objects to expenses that appear to be office overhead. Most of the expenses are copying costs, but the Trustee also objects to expenses for postage costs and filing fees for amendments. The Law Firm agrees that some of the expenses are duplicates and some should be reduced. The Law Firm filed an amended Exhibit 7 to the Application, omitting the duplicate and excessive copying costs, and providing further explanations of the need for the remaining expenses. This reduces the expenses from $617.32 to $512.32.

The Court overrules the Trustee's fourth objection and finds that the Law Firm's voluntary reduction in expenses adequately addresses the Trustee's concerns. The revised expenses are reasonable and necessary.

The Court has already awarded $3,500.00 of the $7,736.50 in fees. Having now had the opportunity to review the Application and the Trustee's objections in more detail, the Court concludes that, under § 330 of the Bankruptcy Code and In re Boddy, 950 F.2d 334 (6th Cir. 1991), the balance of the fees requested, less the $347.50 for the adversary proceeding, were reasonably likely to benefit the Debtor or her creditors. Therefore, the Court will overrule the Trustee's objections. Accordingly,

**IT IS HEREBY ORDERED** that the Law Firm is granted the remaining fees requested by the Application in the amount of $3,889.00 and expenses in the amount of $512.32. When added to the $3,500.00 awarded by the Court on an interim basis at the hearing, these sums bring the Law Firm's total award to $7,902.32. The balance of the funds presently held by the Law Firm shall be applied to this award, with the remaining amount to be disbursed by the Trustee.

**IT IS FURTHER ORDERED** that the Law Firm's request for allowance of $347.50 in fees for the adversary proceeding is denied without prejudice to the Law Firm requesting allowance of these

fees in a later fee application.

**IT IS FURTHER ORDERED** that the hearing scheduled for Tuesday, April 12, 2016 at 11:30 a.m. is cancelled.

.

**Signed on April 08, 2016**

_____/s/ Phillip J. Shefferly_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**

-6-